## Pennington v. Commonwealth.
### (Decided Feb. 25, 1936.)

CARL EVERSOLE for appellant.

B. M. VINCENT, Attorney General, and G. MURRAY SMITH, Commonwealth's Attorney, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is from a judgment sentencing Robert Pennington to the penitentiary for two years upon conviction of taking a motor vehicle without the knowledge or consent of the owner, which is defined as grand larceny by section 2739g-58 of the Statutes.

It is claimed the verdict is flagrantly against the evidence. Arnold Turner was the owner of a 1927 model Chevrolet automobile which had been converted into a truck. In the late morning of August 22, 1935, the machine was taken without his consent from the stockyards in Richmond. The next morning it was located in the county on the road to McKee in the general vicinity of where the defendant lived. It had been partially dismantled. Green Webb related that about 11:30 that morning the defendant told him he was going "to take a car and leave town," and that he went in the direction of the railroad depot, opposite the stockyards. The afternoon of the day the car was

taken, at a place which we gather is not far from where the car was found, the defendant was seen driving a car similar to Turner's. Later he was seen in a car with the body dismantled.

The defendant testified that he had caught a ride into Richmond from the country that morning. He said to Webb that he was going to take a car and leave town, and went to a filling station near the railroad depot and caught a ride on a coal truck to McKee, in Jackson county, where he arrived early in the afternoon. He borrowed a car from a friend, Seals, which was a 1928 Chevrolet, formerly a passenger car, but with the frame on the rear of it. He drove along the road in the vicinity of his home that afternoon, giving a boy named Patrick a ride. It was in this car that he passed the witnesses who had seen him. He drove the car back to McKee on the following Sunday. There is corroborative evidence that he did catch a ride at the filling station on a coal truck headed in the direction of McKee. Seals corroborated the defendant about getting his machine described above, which he said was very similar to the 1927 model. His father also corroborated him on this point.

The jury saw and heard the witnesses, and we are not able to say that they were not justified in returning the verdict of guilt.

At the close of the first day's trial, the commonwealth excused its witnesses. The defendant and one witness had testified before adjournment. The next morning the defendant desired to recross-examine one of the commonwealth's witnesses. Being unavailable, the defendant moved the court to set aside the swearing of the jury and continue the case, because of the action of the commonwealth's attorney in discharging the witnesses without notice. It seems to us the court did not abuse a discretion in his decision to continue the trial. The defendant filed no affidavit as to what he expected to prove, or could prove, by recalling the witness. Section 189, Criminal Code of Practice.

The judgment is affirmed.